ORIGINAL

# In the United States Court of Federal Claims

No. 17-1061C (Pro Se)

(Filed: November 13, 2017 | Not for Publication)

| | |
|---|---|
| MIN YU XIAO, ) | Keywords: Subject Matter Jurisdiction; Tucker Act; Equitable Relief; Patents. |
| Plaintiff, ) | |
| v. ) | FILED |
| THE UNITED STATES OF AMERICA, ) | NOV 1 3 2017 |
| Defendant. ) | U.S. COURT OF FEDERAL CLAIMS |

*Min Yu Xiao*, Flushing, NY, Pro Se.

*Sosun Bae*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant, with whom were *Tara K. Hogan*, Assistant Director, and *Robert E. Kirschman, Jr.*, Director.

## OPINION AND ORDER

**KAPLAN, Judge.**

Pro se plaintiff Min Yu Xiao filed a complaint in this court on August 3, 2017. In it, Mr. Min states that he is an "83-year-old . . . U.S. Citizen [who] does not speak English." He appears to have used a professional translation service for at least part of his complaint. It nevertheless remains difficult to understand, but appears to focus primarily upon a patent application Mr. Min submitted to the U.S. Patent and Trademark Office (USPTO) in 2012.

According to Mr. Min, he never received any response from the USPTO after submitting his application. When he followed up with the office in 2014, he was told that the USPTO had mailed him a letter requesting that he pay the patent application fee. Mr. Min alleges that he never received any letter, but that following that conversation, he paid the required application fee. Despite doing so, Mr. Min alleges that the USPTO never issued him a patent certificate and that a patent examiner threatened to "forcibly change[]" Mr. Min's design. He asks that the Court "issue [the] patent certificate" and "punish" the patent examiner who allegedly threatened Mr. Min.

On September 28, 2017, the government filed a motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim. It primarily argues that Mr. Min does not seek money damages from the federal government and that he has not identified any substantive source of law providing for jurisdiction in this court. Def.'s Mot. to Dismiss at 4–5, Docket No. 5. Mr. Min did not file any response.

7017 1450 0000 1346 1048

In determining subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. See Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements" (internal quotation and citation omitted)). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (stating "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

Further, the Court of Federal Claims has only limited power to provide equitable relief. See 28 U.S.C. § 1491(a)(2). Specifically, the Court of Federal Claims lacks the power to grant equitable relief unless such relief is "an incident of and collateral to a money judgment." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) (quotation omitted); see also 28 U.S.C. § 1491(a)(2) ("To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.").

Mr. Min has not met his burden of demonstrating the Court's jurisdiction. His complaint seeks the issuance of a patent and the "punishment" of an individual government employee. But the Court has no authority to issue patents, and any order requiring the USPTO to do so would be purely equitable relief, outside the jurisdiction of the Court when not an incident of and collateral to a money judgment. And Mr. Min does not seek money damages or identify any source of substantive law providing for the same. While attachments to his complaint reference 35 U.S.C. § 151, that statute provides for notice to an applicant if it appears his or her application is entitled to a patent, and for notification of the appropriate use and publication fees. It does not mandate

the payment of money by the federal government. Moreover, although not mentioned by Mr. Min, 28 U.S.C. § 1498, the jurisdictional statute providing this court with authority to resolve allegations of patent infringement against the United States, does not provide the Court with jurisdiction in this case because Mr. Min does not allege that he received a patent (in fact obtaining a patent appears to be the primary motivation for his lawsuit), nor does he allege that the government infringed the same.

As to the patent examiner who allegedly threatened to alter Mr. Min's application, the Court lacks subject matter jurisdiction over all defendants other than the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941). In any event, the unclear "punishment" that Mr. Min seeks is not within the Court's jurisdiction, as it would appear to sound in tort or seek criminal prosecution. See Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (noting that the Court of Federal Claims "lacks jurisdiction over tort actions"); Joshua v. United States, 17 F.3d 378, 379–80 (Fed. Cir. 1994) (affirming, among other things, lack of jurisdiction over criminal statutes).

Accordingly, the Court lacks subject matter jurisdiction over Mr. Min's complaint. The government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and Mr. Min's complaint is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge